# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY J. LANGE,<br><br>Defendant. | Case No. CR09-1006<br><br>ORDER FOR PRETRIAL DETENTION |

On the 14th day of April, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On April 8, 2009, Defendant Timothy J. Lange was charged by Indictment (docket number 1) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 8, 2009.

Allamakee County Deputy Sheriff Clark Mellick testified regarding the facts pertaining to detention. On February 27, 2008, Defendant took his neighbor's shotgun and used it to kill a dog. Following his arrest, Defendant threatened to "beat [the arresting officers's] ass." Defendant subsequently pleaded guilty in state court to five counts, including possession of a firearm, reckless use of a firearm, theft in the third degree, animal abuse, and animal torture. Defendant received suspended prison terms. The instant federal charge arises out of the same incident. Defendant was previously convicted of a felony drug offense in 1992.

1

According to the pretrial services report, Defendant is 44 years old and lives in New Albon, Iowa. Defendant has lived in northeast Iowa for most of his life. Defendant has been married twice, with one child from his first marriage and two children from his second marriage. Defendant also has a child from a long-term relationship with Tammy Riley.

Defendant quit school in the 10th grade, but subsequently received his GED He is a member of the Cement Mason Union and Boilermaker Union in Minneapolis, Minnesota, but is currently laid off. According to Defendant's Exhibit A, he would be able to work for his brother's fencing company if released.

Defendant does not have any history of medical or mental health problems. Defendant admitted, however, that alcohol consumption has been problematic for him for most of his life. In 2008, Defendant completed a six-week inpatient treatment program at the Area Substance Abuse Council (ASAC) in Cedar Rapids. Defendant has also completed an anger management course in the last year.

Defendant has an extensive criminal record, including several convictions for assaultive behavior. In 1991, Defendant was convicted of delivery of a controlled substance and interference with official acts. In 1997, Defendant was convicted in Minnesota of driving while under the influence. In 2000, Defendant was convicted in Minnesota for issuing a dishonored check. According to the pretrial services report, Defendant initially failed to appear on that charge and a warrant was issued for his arrest.

In 2002, Defendant was charged with domestic abuse assault--second offense, but the case was eventually dismissed. In 2003, Defendant was charged with assault, but the case was again later dismissed. In 2004, Defendant was charged with criminal sexual conduct, but the disposition of the case is unknown.

In June 2005, Defendant was convicted of assault causing bodily injury when he slapped his daughter during an argument. According to the pretrial services report, Defendant initially failed to appear on two occasions in that case. In October 2005, Defendant was convicted of assaulting his girlfriend, Tammy Riley, who was also the

alleged victim in the 2004 charge of criminal sexual conduct. In October 2005, Defendant was charged with possession of a controlled substance and was subsequently convicted in April 2006. A separate charge of possession of drug paraphernalia was dismissed at about that time.

Deputy Mellick testified that on July 7, 2006, officers responded to Defendant's residence after receiving a 911 call. The first officer who responded to the scene was assaulted by Defendant, and Defendant subsequently was convicted of assault causing injury to a peace officer. According to Deputy Mellick, when Tammy Riley was living with Defendant at his residence, officers received numerous 911 calls and they would always send back-up for their own safety.

In June 2007, Defendant was convicted of assault causing bodily injury, where Tammy Riley was the victim. In September 2007, Defendant was arrested for assault with intent to inflict serious harm following an incident where he allegedly grabbed Tammy Riley by the throat and choked her, but that charge was dismissed in June 2008. In October 2007, Defendant was convicted of violating a no-contact order. Another charge of violating a no-contact order in January 2008 was subsequently dismissed.

In January 2008, Defendant was charged with operating a motor vehicle while under the influence. He was later convicted and sentenced in October 2008. Meanwhile, in February 2008, Defendant was charged with disorderly conduct, but the charge was later dismissed.

As noted above, the incident which gives rise to the instant charge occurred on February 27, 2008. Defendant was sentenced on May 12, 2008 and placed on probation. In October 2008, Defendant admitted using alcohol and cocaine in violation of his probation. According to Defendant's proffer, it was after that time that he received inpatient counseling and treatment.

Deputy Mellick testified regarding an incident which occurred on November 29, 2008, apparently after Defendant was released from treatment. A landowner complained that a deer had been shot on his property. After some investigation, the pick-up identified

by the landowner and the deer were found at Defendant's residence. Defendant's 15-year-old son initially told officers that he had shot the deer, but in a subsequent interview with Deputy Mellick, Defendant's son said that Defendant had shot the deer but had told his son to lie to the officers. The gun was sent to the DCI laboratory for fingerprinting, but no matches could be found.

In February 2009, Defendant was arrested for violating the terms of a no-contact order. The no-contact order was subsequently lifted at Tammy Riley's request on March 16, 2009.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where

4

a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Defendant has pleaded guilty in state court to possession of a

firearm and reckless use of a firearm as a result of the same incident. Accordingly, the weight of the evidence against the Defendant is substantial. Defendant has resided in northeast Iowa for most of his life and does not appear to be a substantial risk of flight. Defendant has a history of drug and alcohol abuse, however, and admits using cocaine and alcohol while on state court probation for the shooting incident which gives rise to this charge. In addition, it appears likely that Defendant was drinking and used his neighbor's shotgun to shoot a deer out of season on November 29, 2008. Given Defendant's failure to comply with the terms of his state court probation, his continued use of alcohol and cocaine, his history of assaultive behavior, and his discharge of weapons, the Court believes that Defendant's release would pose a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 10, 2009) to the filing of this Ruling (April 14, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 14th day of April, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA